UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI LLOYD,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. EDCV 14-2151-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On October 23, 2014, Terri Lloyd ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits.  The Commissioner filed an Answer on February 9, 2015.  On May 28, 2015, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff Terri Lloyd is a 48-year-old female who applied for Social Security Disability Insurance benefits on December 23, 2011, alleging disability beginning February 27, 2010.  (AR 19.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since February 27, 2010, the alleged onset date.  (AR 21.)

Plaintiff's claim was denied initially on March 31, 2012.  (AR 19.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sharilyn Hopson on March 13, 2013, in Orange, California.  (AR 19.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 19.)  Medical expert ("ME") Frank L. Barnes and vocational expert ("VE") Susan L. Allison also appeared and testified at the hearing.  (AR 19.)

The ALJ issued an unfavorable decision on May 1, 2013.  (AR 19-28.)  The Appeals Council denied review on August 22, 2014.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.    Whether the ALJ properly considered the opinions of Dr. Wakim.

2.    Whether the ALJ properly considered the opinions of Dr. Einbund and Dr. Grabow, the treating physicians.

3.    Whether the ALJ properly considered the testimony and statements of Terri Lloyd.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment

is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 27, 2010, the alleged onset date.  (AR 21.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disk disease ("DDD"), crush injury of left foot, complex regional pain syndrome, migraine headaches, bipolar disorder with depressive and anxious features.  (AR 21.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 21-23.)

The ALJ then found that from February 27, 2010, through May 1, 2012, Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following limitations:

> Claimant can lift and carry 10 pounds occasionally and less than 10 pounds frequently; can stand and walk for 2 hours out of an 8-hour workday; must use a cane to ambulate outside work area; can sit for 6 hours out of an 8 hour workday; needs a sit/stand option no more change of position than every hour and no loss of productivity while changing position; can occasionally bend, stoop, crouch, crawl, and kneel; cannot twist, squat or use foot pedals with left foot; can occasionally climb stairs, ladders, ropes or scaffolds, must avoid exposure to vibration, extreme heat, extreme cold; and is limited to moderately complex tasks classified as SVP 4 or less.

(AR 23-27.)  The ALJ also found that from May 2012 through May 1, 2013, the date of the ALJ's opinion, Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations:

5

> Claimant needs a sit/stand option, with no more change of position
> than every hour and no loss of productivity while changing position,
> use of a cane to ambulate outside work area, occasional bending,
> stooping, crouching, crawling, and kneeling; no twisting, squatting,
> climbing ladders, ropes or scaffolds, no use of foot pedals with left foot,
> no exposure to vibration, no extreme heat or cold; occasional climbing
> stairs; and limited to moderately complex tasks SVP 4 or less.

(AR 24-27.)

In determining the above RFCs, the ALJ made an adverse credibility determination.  (AR 25)

At step four, the ALJ found that from Plaintiff's alleged onset date of disability through May 2012, Plaintiff was able to perform her past relevant work as a telephone operator.  However, from May 2012 though May 1, 2013, Claimant was able to perform her past relevant work as telephone operator and receptionist.  (AR 27-28.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act, from February 27, 2010, through May 1, 2013, the date of the ALJ's decision.  (AR 28.)

**DISCUSSION**

The ALJ properly considered the medical evidence and properly discounted Plaintiff's credibility.  The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**I.   THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

Plaintiff contends that the ALJ ignored or improperly discounted the medical opinions of Dr. Wakim, Dr. Einbund and Dr. Grabow.  The Court disagrees that any error occurred.

**A.   Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant

1    evidence, including medical evidence, lay witnesses, and subjective symptoms.  See
2    SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must
3    consider all relevant evidence in the record, including medical records, lay evidence, and
4    the effects of symptoms, including pain reasonably attributable to the medical condition.
5    Robbins, 446 F.3d at 883.

6        In evaluating medical opinions, the case law and regulations distinguish among
7    the opinions of three types of physicians:  (1) those who treat the claimant (treating
8    physicians); (2) those who examine but do not treat the claimant (examining physicians);
9    and (3) those who neither examine nor treat the claimant (non-examining, or consulting,
10   physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d
11   821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating
12   physician's opinion because a treating physician "is employed to cure and has a greater
13   opportunity to know and observe the patient as an individual."  Magallanes v. Bowen,
14   881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the
15   issues of the nature and severity of a claimant's impairments is well-supported by
16   medically acceptable clinical and laboratory diagnostic techniques, and is not
17   inconsistent with other substantial evidence in the case record, the ALJ must give it
18   "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

19       Where a treating doctor's opinion is not contradicted by another doctor, it may be
20   rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the
21   treating physician's opinion is contradicted by another doctor, such as an examining
22   physician, the ALJ may reject the treating physician's opinion by providing specific,
23   legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at
24   830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.
25   2002).  Where a treating physician's opinion is contradicted by an examining
26   professional's opinion, the Commissioner may resolve the conflict by relying on the
27   examining physician's opinion if the examining physician's opinion is supported by
28   different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041

1  (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an

2  examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v.

3  Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is

4  contradicted by another physician's opinion, an ALJ must provide specific and legitimate

5  reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by

6  itself constitute substantial evidence that justifies the rejection of the opinion of either an

7  examining physician or a treating physician"; such an opinion may serve as substantial

8  evidence only when it is consistent with and supported by other independent evidence in

9  the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

10      **B.    Analysis**

11      Plaintiff has chronic lumbar pain disc disease (AR 24) and suffered a crush injury

12  to her left foot when a television fell on her foot, which later developed into complex

13  regional pain syndrome ("CRPS").  (AR 24, 210-220.)  She had spinal pain and with

14  implantation of a spinal cord stimulator the CRPS "relented a great deal" by 2012.  (AR

15  25.)  Medications also help.  (AR 24.)

16          1.    Dr. Wakim

17      Plaintiff first challenges the ALJ's failure to mention or discuss the November 15,

18  2011, evaluation of Terri Lloyd by her workers' compensation orthopedic surgeon

19  examiner Dr. Emile Wakim.  (AR 736-772.)  Plaintiff notes three ways the opinions of Dr.

20  Wakim differ from the ALJ's findings for the period between February 27, 2010, through

21  May 2012: (1) Dr. Wakim found mild daytime somnolence, which is not included in the

22  ALJ's RFC; (2) Dr. Wakim opined that the ALJ found that Ms. Lloyd needs to sit, stand or

23  stretch five minutes every 55 minutes for prolonged standing, walking or sitting (AR 769),

24  whereas the ALJ found the need to change position every hour without loss of

25  productivity; and (3) Dr. Wakim opined that pain would interfere with Ms. Lloyd's ability to

26  function.  (AR 769.)

27      The ALJ's omission of any discussion was harmless error because Dr. Wakim did

28  not opine Plaintiff could not perform her past work nor did he preclude all work.  Molina

v. Astrue, 674 F.3d 1104, 1005 (9th Cir. 2012).  Dr. Wakim opined that, notwithstanding the conditions, symptoms and limitations discussed in his report, Ms. Lloyd "may resume her usual and customary job duties" as a merchandiser for Fry's Electronics.  (AR 769.)  Indeed, these past job duties were for medium to heavy work, whereas the ALJ's RFC is far more limited, to light and sedentary work.  Dr. Wakim, moreover, found Plaintiff capable of doing medium to heavy work despite her mild somnolence and continuing pain.  The need to stretch is reasonably consistent with the ALJ's sit/stand option, and in any event Plaintiff has not demonstrated and does not contend that Dr. Wakim's RFC would preclude Plaintiff's past relevant light or sedentary work.  An ALJ need not discuss "all" evidence, only significant, probative evidence.  Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984.)  As Dr. Wakim's opinion, even if accepted, would not preclude all work or result in a determination of disability, his opinion was not significant and the ALJ's failure to discuss it was harmless error.

### 2. Dr. Einbund and Dr. Grabow

Plaintiff contends that the ALJ's assessment of improvement as of May 2012 conflicts with the opinions of Dr. Einbund and Dr. Grabow.  They found Plaintiff has experienced some breakthrough pain requiring stronger medications.  More specifically, Dr. Einbund found breakthrough pain (AR 892, 901,904), and on March 21, 2012, opined that Plaintiff had three work restrictions: (1) no heavy lifting, (2) no standing for more than four hours per day, and (3) she should not stand more than one hour at a time without a break.  (AR 901-902.)  Plaintiff's pain management physician, Dr. Grabow, did not provide an RFC assessment but did make findings of breakthrough pain (AR 928) relied on by Dr. Einbund.  Dr. Grabow diagnosed CRPS of the left foot and ankle on July 6, 2010.  (AR 304.)  Dr. Grabow implanted a spinal cord stimulator on October 24, 2011.  (AR 307.)  He noted that Plaintiff experienced significant improvement in symptoms with the stimulator but also continued to be symptomatic.  (AR 928.)

1      First, these workers' compensation opinions do not establish disability.  Neither

2  asserts that Plaintiff is unable to perform her past work or is precluded from all work.[1]

3  Indeed, Dr. Einbund's March 21, 2012, work restrictions, which take into account

4  Plaintiff's episodes of breakthrough pain, are less restrictive than the ALJ's RFC for the

5  period prior to May 2012.  The ALJ found that, from the alleged onset date through May

6  2012, Plaintiff could do sedentary work, i.e., lift 10 pounds and stand and walk two hours

7  in an eight hour day with a sit/stand option to change positions every hour.  (AR 23.)

8  Thus, based on the ALJ's RFC and the vocational expert's testimony, Plaintiff was

9  capable of performing her past work as a telephone operator.  (AR 27-28.)

10      Second, the ALJ relied on other medical evidence in formulating her RFC that

11  contradicts any contention that Dr. Einbund and Dr. Grabow's findings establish

12  disability.  The medical expert, Dr. Frank Barnes, reviewed all of the medical evidence of

13  record (AR 48) and testified at the hearing that Claimant's CRPS had "relented a great

14  deal" by May 2012.  He further testified that Plaintiff became able to do light work.  (AR

15  24-25, 48-54.)  He did acknowledge that Claimant complained of the pain returning in

16  2012, but also noted that the battery parts for the spinal cord stimulator had to be

17  replaced, causing the stimulator to wear down.  (AR 25, 54.)  He declined to say Plaintiff

18  would be off task due to the medications she was taking, noting that people get used to

19  them and the effects vary from individual to individual.  (AR 53.)  In May 2012, Dr. John

20  Godes, a consulting physical examiner, noted that Plaintiff used a cane only on rare

21  occasions and no longer has back pain.  (AR 26.)  Dr. Godes' physical findings were

22  essentially normal.  (AR 26.)  He opined Plaintiff can lift 20 pounds occasionally and 10

23  pounds frequently, she can stand or walk for 2 hours in an 8 hour workday, and can sit

---

[1]  In an initial examination on April 26, 2010, Dr. Einbund took Plaintiff off work because she had difficulty walking and using a cane to ambulate.  (AR 218.)  He declared her temporarily totally disabled.  (AR 218.)  As noted subsequently by Dr. Grabow, however, she does not require use of a cane (AR 928) and no physician's RFC requires a cane to ambulate.  The ALJ afforded little weight to Dr. Einbund's temporary total disability assessment.  (AR 26.)

10

1  for 6 hours in an 8 hour workday.  (AR 26.)  The ALJ gave great weight to Dr. Godes'
2  opinion.  (AR 26.)  A State agency physician offered a similar RFC.  (AR 27, 75.)
3        The ALJ's RFC, in other words, is supported by substantial evidence that
4  constitutes specific, legitimate reasons for rejecting the opinions of Dr. Einbund and
5  Dr. Grabow to the extent their findings can be read to preclude past work.  Plaintiff
6  disputes the ALJ's findings, but it is the ALJ's responsibility to resolve conflicts in the
7  medical evidence and ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the
8  ALJ's interpretation of the record is reasonable, as it is here, it should not be second-
9  guessed.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).
10        The ALJ did not err in considering the medical evidence.

11  **II.**    **THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY**
12        Plaintiff contends that the ALJ improperly discounted her credibility.  The Court
13  disagrees.

14      **A.**    **Relevant Federal Law**
15        The test for deciding whether to accept a claimant's subjective symptom testimony
16  turns on whether the claimant produces medical evidence of an impairment that
17  reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell
18  v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715,
19  722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not
20  discredit a claimant's testimony on the severity of symptoms merely because they are
21  unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947
22  F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ
23  "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at
24  345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude
25  that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas, 278 F.3d at 958;
26  see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46.  Unless there is
27  evidence of malingering, the ALJ can reject the claimant's testimony about the severity
28  of a claimant's symptoms only by offering "specific, clear and convincing reasons for

1   doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ

2   must identify what testimony is not credible and what evidence discredits the testimony.

3   Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

4       **B.    Analysis**

5       Plaintiff alleges that she suffers short-term memory loss, drowsiness, slurred

6   words, clumsiness, and has problems with concentration when reading.  (AR 24.)  She

7   alleges she is unable to work due to her combination of impairments and quit working

8   because she was in too much pain.  (AR 24.)

9       In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically

10  determinable impairments reasonably could be expected to cause Plaintiff's alleged

11  symptoms.  (AR 25.)  The ALJ, however, also found that Plaintiff's statements regarding

12  the intensity, persistence and limiting effects of these symptoms were "not entirely

13  credible."  (AR 25.)  Because the ALJ did not make any finding of malingering, she was

14  required to provide clear and convincing reasons supported by substantial evidence for

15  discounting Plaintiff's credibility.  Smolen, 80 F.3d at 1283-84.  Tommasetti v. Astrue, 533

16  F.3d 1039-40 (9th Cir. 2008).  The ALJ did so.

17      First, the ALJ found that Claimant's allegations are not supported by the medical

18  evidence of record.  (AR 27.)  An ALJ is permitted to consider whether there is a lack of

19  medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not

20  the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676,

21  680-81 (9th Cir. 2005).

22      Second, the ALJ found that Claimant's activities of daily living are consistent with

23  the RFC assessed.  (AR 25.)  Daily activities inconsistent with disabling limitation are a

24  legitimate consideration in evaluating credibility.  Bunnell, 947 F.3d at 345-46.  Here, the

25  ALJ relied on Claimant's own reports that she has but mild limitations in daily activities

26  and social functioning.  (AR 22.)  She remains active in personal care, performs

27  household chores, and is able to provide child care.  (AR 22.)  She is able to use public

28

1  transportation.  (AR 22.)  She has moderate difficulties with concentration, persistence

2  and pace, but has no problems reading and watching television.  (AR 22.)

3       Additionally, in a report dated August 20, 2010, Dr. Dmitriy Sherman, the

4  consulting psychiatrist, found Plaintiff was independent with personal care (AR 26, 254)

5  and had minimal impairments in work functioning, including in maintaining attention and

6  concentration or performing complex tasks.  (AR 25, 261-62.)  In a report dated May 2,

7  2012, Dr. Halimah McGee, a consulting psychologist, reported Plaintiff's mental

8  impairments were nonsevere (AR 27) and her activities of daily living consisted of

9  watching television, reading, using a computer, household chores, shopping, and

10  errands.  (AR 27.)  She can manage her own finances and gets along adequately with

11  others.  (AR 27.)  Dr. McGee opined that Claimant does not evidence cognitive or

12  emotional limitations regarding the ability to work and would be able to function in a

13  regular job setting.  (AR 27, 881.)  Dr. McGee also opined Plaintiff would be able to get

14  to work on her own by taking public transportation.  (AR 27, 882.)  The ALJ gave

15  Dr. McGee's opinion great weight.[2]  (AR 27.)

16       Plaintiff argues that her activities of daily living do not mean she can work, but the

17  ALJ's contrary opinion is based on substantial evidence, and in any event her daily

18  activities suggest she has greater functional abilities than alleged.  See Valentine v.

19  Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).  Plaintiff argues that the ALJ's findings do

20  not take into account her complex regional pain syndrome, breakthrough pain, and

21  drowsiness, but these symptoms did not preclude the daily activities discussed above

22  and were considered by Dr. Einbund, Dr. Barnes, and Dr. McGee in assessing Plaintiff's

23  functionality.

24

25

26

27       [2]   The ALJ mistakenly refers to some of these opinions as those of Dr. Godes.  (AR 27.)
28  They are those of Dr. McGee.

13

1   Again, it is the ALJ who has the responsibility to resolve ambiguities in the record.

2   <u>Andrews</u>, 53 F.3d at 1039.  Where the ALJ's interpretation of the record evidence is

3   reasonable as it is here, it should not be second-guessed.  <u>Rollins</u>, 261 F.3d at 857.

4   The ALJ rejected Plaintiff's subjective symptom testimony for clear and convincing

5   reasons supported by substantial evidence.

6                                        * * *

7   The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability

8   determination is supported by substantial evidence and free of legal error.

9

10                                      **ORDER**

11   IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

12   Commissioner of Social Security and dismissing this case with prejudice.

13

14   DATED: <u>September 3, 2015</u>           <u>    /s/ John E. McDermott    </u>
                                                  JOHN E. McDERMOTT
15                                                UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28